IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HECTOR VALDEZ, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:20-CV-1047-O |
| § | (NO. 4:16-CR-122-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of Hector Valdez, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response (in the form of a motion to dismiss), the record, including the record in the underlying criminal case, No. 4:16-CR-122-O, styled "United States v. Valentin Velazquez, et al.," and applicable authorities, finds that the motion must be dismissed as untimely.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On June 15, 2016, movant was named along with others in a three-count superseding information charging him in count one with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 119. Movant and his counsel signed a waiver of indictment, CR Doc. 127, and a factual resume setting forth the penalties movant faced, the elements of the

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-122-O.

offense charged against him, and the stipulated facts establishing that movant had committed the offense. CR Doc. 128. They also signed consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 183. On June 23, 2016, movant entered a plea of guilty. CR Doc. 180. The Magistrate Judge issued a report and recommendation, finding that movant's plea was knowing, voluntary, and intelligent and recommending that the plea be accepted. CR Doc. 184. Movant did not object, and the Court accepted the report and recommendation. CR Doc. 228.

On October 13, 2016, the Court sentenced movant to a term of imprisonment of 240 months. CR Doc. 505. Movant did not appeal.

## II. THE § 2255 MOTION

By letter dated August 20, 2020, movant requested the clerk to mail to him copies of the indictment, plea agreement, docket sheet, and § 2255 forms. CR Doc. 837. On September 21, 2020, the clerk received for filing movant's § 2255 motion, Doc.[2] 1, and brief in support. Doc. 2. By order signed September 23, 2020, the Court ordered movant to show cause why his motion should not be dismissed as untimely. Doc. 4. Movant filed a response saying that he should be entitled to equitable tolling because his counsel failed to file a notice of appeal as requested. Doc. 5. He says counsel never returned his calls. He also says that he wrote counsel a letter and sent counsel emails through his family, but counsel never responded. *Id.* The government has filed a motion to dismiss. Doc. 8. Movant has failed to file any response and the time for doing so has long lapsed. Doc. 6.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

**III.  TIMELINESS OF THE MOTION**

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Movant's judgment was entered on October 14, 2016. CR Doc. 505. Movant had fourteen days in which to file his notice of appeal. Fed. R. App. P. 4(b)(1). His conviction became final when he failed to do so. *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). His statute of limitations under § 2255 expired one year later. *United States v. Petty*, 530 F.3d 361, 368 (5th Cir. 2008). He did not file his § 2255 motion until almost three years after limitations expired.

Movant urges that he should be entitled to equitable tolling. Doc. 5. The doctrine of equitable tolling is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is

3

sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Neither is the failure of his attorney to file a notice of appeal. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Montoya v. United States*, No. 2:13-CV-175, 2014 WL 6768990, at *2 (N.D. Tex. Dec. 1, 2014).

Movant has not shown that he is entitled to equitable tolling. He has not shown that he was diligently pursuing his rights and that some extraordinary circumstance prevented the timely filing of his motion. For example, he does not allege that his counsel or the government or the Court itself actively misled him in any way. Prisoners routinely inquire about the status of their cases and receive copies of docket sheets. In this case, movant did not make that inquiry until after his judgment had been final for almost four years. CR Doc. 837. Thus, even if what movant says is true (and his attorney abandoned him), waiting more than a year to pursue an inquiry about the appeal is not due diligence. *United States v. Rodriguez*, 858 F.3d 960, 963–64 (5th Cir. 2018).

## IV. CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 26th day of March, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

4